UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-cv-60732-LEIBOWITZ/AUGUSTIN-BIRCH

BURBERRY LIMITED, *et al.*,

      *Plaintiffs,*

v.

THE INDIVIDUALS, BUSINESS ENTITIES,
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

      *Defendants.*

_____/

**ORDER GRANTING APPLICATION FOR ENTRY OF PRELIMINARY INJUNCTION**

    **THIS CAUSE** is before the Court upon Plaintiffs' Motion for Entry of a Preliminary Injunction (the "Application"), [ECF No. 6], filed on April 17, 2025. The Court held a noticed hearing on the Application on May 1, 2025, during which only counsel for Plaintiff, T. Raquel Wiborg-Rodriguez, Esq. appeared. [*See* ECF No. 23]. The Court has carefully reviewed the Application and the record and is otherwise fully advised.

    By the instant Application, Plaintiffs, Burberry Limited, a United Kingdom company ("Burberry (UK)"), and Burberry Limited, a New York corporation ("Burberry (US)") ("Plaintiffs") moves for entry of a preliminary injunction against Defendants, the Individuals, Business Entities, and Unincorporated Associations identified on Schedule "A" hereto (collectively "Defendants") pursuant to 15 U.S.C. § 1116, Fed. R. Civ. P. 65, and The All Writs Act, 28 U.S.C. § 1651(a), and this Court's inherent authority.

    The Court convened a hearing on May 1, 2025, at which only counsel for Plaintiffs was present and available to present evidence supporting the Application. The Court made additional statements

on the record at the hearing that support the issuance of a Preliminary Injunction here.  Because Plaintiffs have satisfied the requirements for the issuance of a preliminary injunction, the Court GRANTS Plaintiffs' Application for Preliminary Injunction.

## I.      Factual Background[1]

Plaintiff Burberry Limited, a United Kingdom Company, is the owner of the following trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (the "Burberry Marks"):

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
|  | 0,863,179 | January 7, 1969 | IC 010 025 026: COATS, TOPCOATS, JACKETS, SUITS, TROUSERS, SLACKS, SHORTS, OVERALLS, SKIRTS, CAPES, HATS, CAPS, BONNETS, HOODS, BERETS, NECKTIES, STOCKINGS, SOCKS, BELTS, BOOTS, SHOES, SLIPPERS, SANDALS, GLOVES, SHIRTS, COLLARS, PAJAMAS, DRESSING GOWNS, CARDIGANS, SWEATERS, PULLOVERS, SCARVES, BLOUSES, BEACH ROBES, DRESSES, SKIWEAR, HANDKERCHIEFS |
|  | 1,241,222 | June 7, 1983 | IC 025: Coats, Top Coats, Jackets, Trousers, Slacks, Waistcoats, Skirts, Capes, Hats, Shirts, Scarves, Shawls and Blouses. |
|  | 2,022,789 | September 24, 1996 | IC 018: suitcases, traveling bags, holdalls, suit and garment carriers for travel, attache cases, document cases, briefcases, purses, drawstring pouches, |

---

[1]      The factual background is taken from Plaintiffs' Complaint, Application, and supporting Declarations submitted by Plaintiffs.

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
|  |  |  | wallets, billfolds, passport holders, key cases, handbags, shoulder bags, credit card cases, business card cases, toilet bags sold empty, toilet cases sold empty, shaving bags sold empty, tie cases for travel, umbrellas and parasols.<br><br>IC 024: traveling comforter, namely, fabric blanket-like articles for keeping warm, e.g., when traveling in cold climates, or for use as a stadium blanket.<br><br>IC 025: clothing for men and women, namely, scarves, pullovers, cardigans, sweaters, overcoats, raincoats, shirts, belts; slippers for men. |
|  | 2,732,617 | July 1, 2003 | IC 003: PERFUMES, EAU DE TOILETTES, EAU DE PARFUMS.<br><br>IC 018: Articles of luggage, namely, suitcases, athletic and sport bags, beach bags, carry-on bags, clutch bags; duffel and gym bags; overnight bags; school book bags, shoulder bags, tote bags, garment bags for travel, carryall bags, traveling bags, hand bags, leather bags for computers and cameras; wallets and purses; toiletry bags sold empty and cosmetics bags sold empty; brief cases, satchels and portfolios; parasols, umbrellas, leather key holders.<br><br>IC 025: Articles of outerclothing, namely, coats, overcoats, trench coats, casual coats, raincoats, jackets and blousons, poloshirts, |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | blouses, dresses, pyjamas, knitwear namely, jumpers, sweaters, gilets, knitted shirts, knitted skirts and knitted scarves; and shorts, trousers, suits, skirts, underclothes, hosiery, headwear, footwear, sports clothing namely, sports trousers, sports shorts, sports shirts, sports jackets, sports footwear; tracksuits, garments that can be attached to or detached from coats, raincoats, trench coats, or casual coats for additional warmth; ties, belts, wraps, serapes, scarves, shawls and stoles, gloves. |
|  | 3,529,814 | November 11, 2008 | IC 020: non-metal key fobs<br><br>IC 024: blankets, throws, handkerchiefs, textile used as linings for clothing and accessories, fabrics for use in the manufacture of clothing, footwear, headwear, hosiery, belts, bags, cases, holders and key rings, umbrellas, watches, jewelry, towels, blankets, throws<br><br>IC 025: Coats, detachable coat linings, rainwear, ponchos, jackets, gilets, jerseys, jumpers, sweaters, blouses, shirts, polo shirts, t-shirts, vests, dresses, skirts, trousers, jeans, shorts, ski wear, sports shirts, sports trousers, sweat shirts, waterproof clothing, namely, coats, jackets, and bikinis, sarongs, swimwear, bathrobes, boxer shorts, loungewear, nightwear, undergarments, ties, cravats, footwear, shoes, boots, athletic footwear, slippers, ballet slippers, socks, leggings, caps, hats, head |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | scarves, belts, gloves, mufflers, scarves, shawls, stoles, pashminas, children's and infant's clothing, namely, coats, jackets, ponchos, jerseys, sweaters, blouses, shirts, t-shirts, singlets, vests, tank tops, waistcoats, suits, dresses, skirts, trousers, jeans, shorts, children's headwear, children's swimwear, children's nightwear, children's under garments, and one-piece clothing, headwear, footwear; cloth bibs<br><br>IC 028: Teddy bears<br><br>IC 035: Retail store services in the fields of clothing, accessories, footwear, headgear, luggage, leather goods, timepieces, jewelry, eyewear and fragrances |
| BURBERRY | 3,879,249 | November 23, 2010 | IC 025: Articles of outer clothing, namely, coats, jackets, rainwear, ponchos, gilets, detachable coat linings, raincoats; blousons; casual coats; polo shirts; blouses; dresses; pyjamas; knitwear, namely, jerseys, jumpers, cardigans, sweaters, knitted leggings; shorts; trousers; suits; skirts; jackets; articles of underclothing, namely, boxer shorts, lingerie, loungewear, nightwear, underwear, undergarments; hosiery; headwear; footwear; sports clothing, namely, sweat pants, sweat shirts, swimwear; sports footwear; tracksuits; ready-made linings, namely, finished textile linings for garments; ties; clothing belts; wraps; scarves; shawls and stoles; gloves |
| BURBERRY | 4,702,550 | March 17, | IC 006: Metal key holders; metal |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | 2015 | key rings<br><br>IC 016: Goods made of paper or cardboard, namely, paper labels, cardboard boxes, paper bags, paper gift tags; posters, wrapping and packaging materials, namely, gift wrapping paper, gift bags; greeting cards<br><br>IC 018: All-purpose carrying bags, valises, travelling bags, garment bags for travel, vanity cases sold empty, rucksacks, satchels, holdalls, handbags, shoulder bags, attaché-cases, briefcases, credit card holders, briefcase-type portfolios, athletic and sports bags, beach bags, carry-on bags, clutch bags, duffel and gym bags, overnight bags, school book bags, tote bags, reusable shopping bags; purses, leather pouches, wallets; pochettes; luggage label holders; cosmetic cases and bags sold empty; umbrellas<br><br>IC 020: deck chairs and folding chairs<br><br>IC 026: Buttons, snap fasteners, press studs, zip fasteners, decorative ribbons, buckles for clothing, belts and shoes; ornamental novelty badges; articles for hair, namely, hair ties, hair bands, hair ribbons, hair clips<br><br>IC 028: stuffed toy animals including teddy bears |
| BURBERRY | 4,714,346 | April 7, 2015 | IC 009: cases and holders for telephones, mobile telephones and mobile electronic devices, namely, PDAs (personal digital |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | assistants), smart phones, personal entertainment devices, namely, e-readers, personal navigation devices, tablet computers, netbooks, electronic notebooks, handheld computers and portable digital audio and/or video players |
| BURBERRY LONDON, ENGLAND | 5,116,946 | January 10, 2017 | IC 003: Non-medicated toilet preparations, namely, perfumes, eau de cologne and toilet water<br><br>IC 009: Sunglasses, spectacles, optical glasses, fitted frames and lenses for the aforesaid goods; cases and holders for the aforesaid goods; parts and fittings for all the aforesaid goods, namely, replacement parts therefor; cases and holders for portable computers and mobile telephones; bags for computers and cameras; mobile phone accessories, namely, mobile phone covers and skins, charms and lanyards<br><br>IC 014: jewellery, imitation jewellery, tie-pins, tie clips and cuff links; articles made of precious metals or coated therewith, namely, jewellery boxes, hat and shoe ornaments, charms, badges, boxes and cases for tissues, jewellery, money, trinkets and watches, coasters, key rings and key holders<br><br>IC 016: Writing paper, invitations, envelopes, gift tags; wrapping and packaging materials, namely, wrapping paper, gift wrap paper, gift bags, gift boxes; calendars, catalogues featuring clothing, |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | handbags and other luxury items; paper labels, clothing labels of paper, passport covers<br><br>IC 018: Articles of luggage, namely, suitcases, trunks, valises, wheeled bags; bags, namely, holdalls, handbags, shoulder bags, tote bags, athletic and sport bags, backpacks, beach bags, bags for carrying babies' accessories, carry-on bags, clutch bags, duffel and gym bags, overnight bags, school book bags, garment bags for travel, carryall bags, traveling bags; wallets; purses; tie cases; leather boxes; toiletries and cosmetic bags sold empty, cases for manicure sets sold empty, briefcases, satchels and briefcase-type portfolios; parasols, umbrellas, pet coats, collars and leads; luggage labels and tags<br><br>IC 020: cushions; clothes hangers<br><br>IC 024: Blankets; throws; travel rugs; towels; cushion covers; handkerchiefs; clothing labels of textile; lining fabrics for textile use; fabrics for use in the manufacture of clothing; fabrics for use in the manufacture of bags, purses, wallets, luggage, toiletry and cosmetic cases, umbrellas, bed and table linen<br><br>IC 025: Articles of outerclothing, namely, coats, overcoats, trench coats, casual coats, raincoats, jackets and blousons, shirts, polo shirts, blouses, dresses, pyjamas, intimate apparel, namely, lingerie; sleepwear and loungewear; |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | knitwear, namely, jumpers and sweaters, gilets, knitted shirts, knitted skirts and knitted scarves; shorts, trousers, suits, skirts, underclothes, hosiery, headwear, footwear, sports clothing, namely, sports trousers, sports shorts, sports shirts, and sports jackets; sports footwear; tracksuits, ready-made linings sold as component parts of coats, raincoats, trench coats and casual coats; ties, belts and wraps as clothing, serapes, scarves, shawls and stoles, gloves<br><br>IC 028: stuffed toy animals including teddy bears, clothing for toys; Christmas tree decorations |
| | 6,513,734 | October 12, 2021 | IC 003: non-medicated toilet preparations, namely, cosmetics; glitter for cosmetic purposes; non-medicated toilet preparations;, namely, cosmetics; glitter for cosmetic purposes; cosmetic preparations for the bath and shower; non-medicated body and skin care preparations, namely, creams, lotions, gels, toners, cleaners and peels; cosmetic preparations for the care of teeth and for hair; nail care preparations and nail polish, false nails; non-medicated soaps; anti-perspirants, deodorants for personal use; perfumes, eau de cologne, eau de toilette, toilet water and aftershave; essential oils, massage oil; pot pourri, room fragrances and incense; cleaning preparations for leather goods and care preparations for leather goods, namely, conditioners, balms, creams, waxes and polish |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | IC 009: sunglasses, spectacles, optical glasses, fitted frames and lenses for sunglasses, spectacles and optical glasses; cases and holders for sunglasses, spectacles and optical glasses; parts and fittings for sunglasses, spectacles and optical glasses, namely, frames; cases and holders for portable electronic devices, namely, mobile phones, tablets, electronic book readers, and digital book readers; mobile telephones, portable audio and video systems and computers; mouse mats; camera cases; portable electronic devices, electronic book readers, portable music readers and tablets; mobile phone accessories, namely, mobile phone covers and skins, lanyards for mobile phones, mobile phone fascias<br><br>IC 014: watches, clocks and parts, fittings and cases for all the aforesaid goods; watch straps and bracelets therefor; jewellery, imitation jewellery, tie-pins, tie clips and cuff links; articles made of precious metals or coated therewith, namely key rings, jewellery charms, badges, shoe jewellery; jewellery boxes and cases; models figures being ornaments and figures of precious metal; jewellery rolls; key holders and key rings of precious and semi-precious metals; key chains and charms therefor; jewellery rolls; cufflink cases<br><br>IC 018: leather and imitation leather; bags, namely, holdalls, |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | handbags, shoulder bags; trunks being luggage, valises, suitcases, travelling bags, garment bags for travel, bumbags, vanity cases sold empty, baby carrying bags, baby carriers worn on the body, baby harnesses, namely, harnesses for guiding children, rucksacks, satchels; canvas, textile, leather or mesh shopping bags, wheeled shopping bags and general purpose sport trolleys bags; purses, pouches made out of cloth; wallets, credit card holders, pochettes; labels of leather and luggage labels, leather baggage tags; cosmetic cases and bags sold empty, cases for manicure sets sold empty; tie cases; leather boxes; umbrellas, parasols; clothing for pets; horse blankets; collars and leashes for animals<br><br>IC 024: textiles and textile items, namely, fabrics, namely, bed blankets; bed covers; bed linen; cot linen; duvets; mattress covers; pillowcases; quilts and eiderdowns; bed sheets; curtains; towels; face cloths; table linen; plastic table covers; placemats of textile; unfitted fabric furniture covers, curtains, textile wall hangings, cushion covers; textile handkerchiefs; travelling rugs, picnic blankets; pet blankets; textile labels<br><br>IC 025: clothing articles and outer clothing articles, namely, coats, jackets, rainwear, ponchos, gilets, detachable coat linings, raincoats, blousons; casual coats; polo shirts; blouses; t-shirts; dresses; |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | pajamas; knitwear, namely, jerseys, jumpers, cardigans, sweaters, knitted leggings; shorts; trousers; suits for men women and children; skirts; jackets; jackets containing microprocessors; articles of underclothing, namely, boxer shorts, lingerie, loungewear, nightwear, underwear, undergarments, hosiery; sports clothing, namely, ski wear, sports jackets, sports jerseys, sports shirts, sports trousers, sweat pants, sweat shirts, sweat shorts, tracksuits, tennis wear, swimwear; sports footwear; tracksuits, ready-made linings, namely, finished textile linings for garments; ties; clothing belts; clothing wraps; serapes; scarves; shawls and stoles; gloves, footwear, headgear in the nature of headwear, belts, shirts, jeans<br><br>IC 035: retail store and wholesale store services for clothing, footwear, headgear, bags, vanity cases sold empty, satchels, bumbags, purses, pouches, wallets, key holders, card holders, pochettes, labels and luggage labels, leather tags, leather belts, cosmetic cases and bags not fitted, cases for manicure sets sold empty, card cases, card holders, tie cases, cufflink cases, leather boxes, umbrellas, cases and holders for sunglasses and eyewear, cases and holders for portable electronic devices, cases and holders for mobile telephones, camera cases, phone covers and skins, charms and |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | lanyards for mobile phones, mobile phone fascias, key rings and charms, diaries, notebooks, pen and pencil cases, pen holders, passport covers, paperweights, keyrings, homeware, perfumes, toiletries and cosmetics, watches, jewellery, eyewear and sunglasses |

[*See* Decl. of Jennifer Halter in Support of the Plaintiffs' Application for Preliminary Injunction ("Halter Decl."), ¶¶ 5–6; *see also* United States Trademark Registrations of the Burberry Marks at issue attached as Composite Exhibit 1 to the Complaint]. The Burberry Marks are used in connection with the manufacture, promotion, distribution, and sale of high-quality goods in the categories identified above. [*See* Halter Decl. ¶¶ 5–6].

Defendants, through Internet based e-commerce stores under the seller names ("E-commerce Store Names") identified on Schedule "A" have advertised, promoted, offered for sale, or sold goods bearing and/or using what Plaintiffs have determined to be counterfeits, infringements, reproductions, or colorable imitations of the Burberry Marks. [*See* Halter Decl. ¶¶ 10–14; Declaration of Christine Daley in Support of the Plaintiffs' Application for Preliminary Injunction ("Daley Decl.") ¶ 12; Declaration of Kathleen Burns in Support of the Plaintiffs' Application for Preliminary Injunction ("Burns Decl.") ¶ 4; Declaration of Michael Rieger in Support of the Plaintiffs' Application for Preliminary Injunction ("Rieger Decl.") ¶ 4].

Although each Defendant may not copy and infringe each Burberry Mark for each category of goods protected, Plaintiffs have submitted sufficient evidence showing each Defendant has infringed, at least, one or more of the Burberry Marks. [*See* Halter Decl., ¶¶ 10–14]. Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, and/or colorable imitations of the Burberry Marks. [*See id.* ¶¶ 10, 13–14].

Plaintiffs retained Allegiance Acquisitionco LLC ("Allegiance") and Invisible Inc ("Invisible"), both licensed private investigative firms, to investigate and document the promotion and sale of counterfeit and infringing versions of Burberry-branded products by Defendant lourelle.co.[2]   [*See* Halter Decl. ¶ 11; Burns Decl. ¶ 3; Rieger Decl. ¶ 3].   Allegiance accessed Defendant lourelle.co's Internet based e-commerce store and placed an order for the purchase of a product bearing and/or using counterfeits of, at least, one of the Burberry Marks at issue in this action.   [*See* Halter Decl. ¶ 11; Rieger Decl. ¶ 4].   At the conclusion of the process, Allegiance transmitted the Burberry-branded product it ordered and received from Defendant lourelle.co to Plaintiffs' representative for analysis, together with an appropriate Chain of Custody.   [*See* Halter Decl. ¶ 11; Rieger Decl. ¶ 5].   True and correct copies of the web pages Allegiance captured and downloaded showing the Burberry-branded item purchased by Allegiance via Defendant lourelle.co's E-commerce Store Name, together with redacted copies of the order summary web pages and order confirmation, and the payment account data provided by Defendant, as well as true and correct photographs of the item received are attached to the Rieger Decl. as Composite Exhibit "1."   [*See* Halter Decl. ¶ 11; Rieger Decl. ¶ 7 and Composite Exhibit 1 thereto].

Thereafter, Invisible accessed Defendant lourelle.co's Internet based e-commerce store and was ultimately directed to Defendant shopmoon.co's Internet based e-commerce store for the purchase of Burberry-branded products.   [*See* Halter Decl. ¶ 11; Daley Decl. ¶ 2; Burns Decl. ¶ 4].   As such, Invisible accessed the Internet based e-commerce stores for Defendants getluxelabel.com and shopmoon.co and documented the placement of an order from those Defendants for a product bearing and/or using counterfeits and infringements of one or more of Burberry's trademarks at issue

---

[2]     Invisible was also retained to document the available payment account data Defendants use for the sale of counterfeit Burberry branded products. [*See* Burns Decl. ¶ 3].

in this action, and requested the products be shipped to one of its addresses in the Southern District of Florida.  [*See* Burns Decl. ¶ 4 and Composite Exhibit 1 thereto].  Each order was able to be processed entirely online, and Invisible documented the information[3] for finalizing payment[4] for the products as identified on Schedule "A."  [*See id*.].  Plaintiffs' investigation revealed the E-commerce Store Names are operated and/or controlled by Defendants and/or their organization based upon overlapping payment data, similar website layout utilized by all the E-commerce Store Names, and their utilization of the same registrar for their e-commerce store accounts.  [*See* Burns Decl. ¶ 4 and Composite Exhibit 1 thereto; Daley Decl. ¶ 3, n.2].

At the conclusion of the process, the Burberry-branded product ordered by Allegiance, as well as the detailed web pages and images captured by Allegiance and Invisible reflecting the products bearing and/or using the Burberry Marks offered for sale and/or ordered via Defendants' E-commerce Store Names were sent to Plaintiffs' representative for inspection.  [*See* Halter Decl. ¶ 13; Daley Decl. ¶ 2; Burns Decl., ¶ 4; Rieger Decl. ¶¶ 4–5].

Plaintiffs' representative reviewed and visually inspected the physical Burberry-branded product ordered by Allegiance, the Internet websites operating under each of the E-commerce Store Names, and the detailed web page captures reflecting the Burberry branded products advertised, promoted, offered for sale, and/or sold by Defendants and determined the products were not genuine versions of Plaintiffs' goods and/or were images of authentic products used by Defendants in order to facilitate the sale of non-genuine Burberry products.  [*See* Halter Decl. ¶¶ 13–14].

---

[3]    Defendants use money transfer and retention services with PayPal, Inc. to receive monies generated through the sale of counterfeit products. [*See* Daley Decl. ¶ 5; Burns Decl. ¶ 4 n.1].

[4]    Invisible did not to transmit the funds to finalize the sale for the orders for the Defendants so as to avoid adding money to Defendants' coffers. [*See* Daley Decl. ¶ 2 n.1; Burns Decl. ¶ 4 n.2].

On April 16, 2025, Plaintiffs filed their Complaint [ECF No. 1], and thereafter their Amended Complaint on April 24, 2025 [ECF No. 17], against Defendants for federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement.  On April 17, 2025, Plaintiffs filed their *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets [ECF No. 6].  Thereafter, on April 18, 2025, this Court issued a Sealed Order Granting *Ex Parte* Application for Entry of Temporary Restraining Order (the "TRO") [ECF No. 9, docketed April 21, 2025], and temporarily restrained Defendants from infringing the Burberry Marks at issue. Pursuant to the Court's April 18, 2025, TRO, Plaintiff properly served Defendants with a copy of the Complaint and all filings in this matter [*see* ECF Nos. 20-21].  On May 1, 2025, the Court conducted a hearing on Plaintiffs' Application for Preliminary Injunction [ECF No. 6], at which only counsel for Plaintiffs was in attendance.

## II.    Legal Standard

In order to obtain a preliminary injunction, a party must demonstrate "(1) [there is] a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case).

## III.    Conclusions of Law

The declarations Plaintiffs submitted in support of their Application for Preliminary Injunction support the following conclusions of law:

A.    Plaintiffs have a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, and/or distribution of goods

bearing and/or using counterfeits, reproductions, or colorable imitations of the Burberry Marks, and that the products Defendants are selling and promoting for sale are copies of Plaintiffs' products that bear and/or use copies of the Burberry Marks.

B.      Because of the infringement of the Burberry Marks, Plaintiffs are likely to suffer immediate and irreparable injury if a preliminary injunction is not granted.  The following specific facts, as set forth in Plaintiffs' Complaint, Application for Preliminary Injunction, and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiffs and to consumers because it is more likely true than not that:

        1.      Defendants own or control commercial Internet based e-commerce stores operating under their E-commerce Store Names that advertise, promote, offer for sale, and sell products bearing and/or using counterfeit and infringing trademarks or imitations of the Burberry Copyrighted Work in violation of Plaintiffs' rights; and

        2.      There is good cause to believe that more counterfeit and infringing products bearing and/or using Plaintiffs' trademarks will appear in the marketplace; that consumers are likely to be misled, confused, and/or disappointed by the quality of these products; and that Plaintiffs may suffer loss of sales for their genuine products.

C.      The balance of potential harm to Defendants in restraining their trade in counterfeit and infringing branded goods if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiffs, their reputation, and their goodwill as manufacturers and distributors of quality products if such relief is not issued.

D.      The public interest favors issuance of the preliminary injunction to protect Plaintiffs' trademark interests and protect the public from being defrauded by the palming off of counterfeit and infringing goods as Plaintiffs' genuine goods.

E.      Under 15 U.S.C. § 1117(a), Plaintiffs may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' distribution and sales of goods bearing and/or using counterfeits and infringements of the Burberry Marks. *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) (quoting *Fuller Brush Products Co. v. Fuller Brush Co.*, 299 F.2d 772, 777 (7th Cir. 1962) ("An accounting of profits under § 1117(a) is not synonymous with an award of monetary damages: '[a]n accounting for profits . . . is an equitable remedy subject to the principles of equity.'")).

F.      Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (citing *Federal Trade Commission v. United States Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

G.      In light of the inherently deceptive nature of the counterfeiting business, and the likelihood that Defendants have violated federal trademark laws, Plaintiffs have good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

Upon review of Plaintiffs' Complaint, Application for Preliminary Injunction, and supporting evidentiary submissions, it is hereby **ORDERED AND ADJUDGED** that pursuant to 15 U.S.C. § 1116, Federal Rule of Civil Procedure 65, 28 U.S.C. § 1651(a), and the Court's inherent authority, Plaintiffs' Application for Preliminary Injunction [**ECF No. 6**] is **GRANTED**, according to the terms set forth below:

(1)      Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are enjoined and restrained until further Order of this Court:

a.   From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing and/or using the Burberry

Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiffs; and

b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiffs, bearing and/or using the Burberry Marks or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing and/or using the Burberry Marks or any confusingly similar trademarks; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any Defendant, including, but not limited to, any assets held by or on behalf of any Defendant.

(2)     Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the Burberry Marks or any confusingly similar trademarks, on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the E-commerce Store Names;

(3)     Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the Burberry Marks, or any confusingly similar trademarks within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Internet based e-commerce stores registered, owned, or operated by any Defendant, including the Internet e-commerce stores operating under the E-commerce Store Names;

(4)     Each Defendant shall preserve copies of all computer files relating to the use of any of the Internet based e-commerce stores operating under their E-commerce Store Names and shall

take all steps necessary to retrieve computer files relating to the use of the Internet based e-commerce stores operating under their E-commerce Store Names that may have been deleted before the entry of this Order;

(5)     Upon Plaintiffs' request, the privacy protection service for any of the E-commerce Store Names for which the registrant uses such privacy protection service to conceal the registrant's identity and contact information is ordered to disclose to Plaintiffs, to the extent not already done, the true identities and contact information of those registrants;

(6)     Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, PayPal, Inc. ("PayPal") and PayPal (Europe) S.à r.l. et Cie, S.C.A. ("PayPal EU"), and their related companies and affiliates shall immediately, to the extent not already done, (i) identify all financial accounts and/or sub-accounts, associated with the Internet based e-commerce stores operating under the E-commerce Store Names, the payment accounts, payees, merchant identification numbers, and/or the e-mail addresses identified on Schedule "A" hereto, as well as any other related accounts of the same customer(s); (ii) identify all other accounts that transfer funds into the same financial institution account(s) or any of the other financial accounts subject to this Order; (iii) restrain the transfer of all funds, as opposed to ongoing account activity, held or received for their benefit or to be transferred into their respective financial accounts, and any other financial accounts tied thereto; and (iv) divert those restrained funds to a holding account for the trust of the Court;

(7)     Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, PayPal and PayPal EU, and their related companies and affiliates, shall further, to the extent not already done, provide Plaintiffs' counsel with all data that details (i) an accounting of the total funds restrained and identify the financial account(s) and sub-account(s) which the restrained

funds are related to, and (ii) the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) which have been restrained. No funds restrained by this Order shall be transferred or surrendered by any financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to, PayPal and PayPal EU, and their related companies and affiliates for any purpose (other than pursuant to a purchase refund chargeback made by a consumer) without the express authorization of this Court;

(8)    Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order.

(9)    This Order shall apply to the E-commerce Store Names, associated e-commerce stores, and financial accounts, any other seller identification names, e-commerce store names, private messaging accounts, or financial accounts that are being used by Defendants for the purpose of counterfeiting or infringing the Burberry Marks at issue in this action and/or unfairly competing with Plaintiffs;

(10)    As a matter of law, this Order shall no longer apply to any Defendant or associated e-commerce store dismissed from this action or as to which Plaintiffs have withdrawn their request for a preliminary injunction;

(11)    Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiffs shall maintain its previously posted bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice; and

(12)    This Order shall remain in effect during the pendency of this action, or until such further date as set by the Court or stipulated by the parties.

**DONE AND ORDERED** in the Southern District of Florida on May 1, 2025.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record

**SCHEDULE A**
**DEFENDANTS BY NUMBER, E-COMMERCE STORE NAME,**
**FINANCIAL ACCOUNT INFORMATION, AND E-MAIL ADDRESSES**

| Def. No. | Defendant / E-commerce Store Name | Payee Information | Merchant ID | E-mail Addresses |
|---|---|---|---|---|
| 1 | lourelle.co | | H2HSDKQEM5CCE | info.lourelle@gmail.com |
| 2 | getluxelabel.com | Velema | H2HSDKQEM5CCE | info@getluxelabel.com |
| 3 | shopmoon.co | Velema | H2HSDKQEM5CCE | info@shopmoon.co |